438

399 A.2d 372

**COMMONWEALTH of Pennsylvania**

v.

**Mark YOUNG, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 14, 1978.

Decided March 16, 1979.

Reargument Denied April 16, 1979.

Charlotte A. Nichols, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

**PER CURIAM:**

The Court being equally divided, the judgments of sentence remain in effect.

POMEROY, former Justice, did not participate in the consideration or decision of this case.

LARSEN, J., files an opinion in support of affirmance which is joined by EAGEN, C. J., and O'BRIEN, J.

MANDERINO, J., files an opinion in support of reversal in which ROBERTS and NIX, JJ., join.

## OPINION IN SUPPORT OF AFFIRMANCE

LARSEN, Justice.

Appellant was convicted of murder of the second degree, robbery and criminal conspiracy in the Philadelphia County Court of Common Pleas. Post-verdict motions were denied and this appeal followed. Appellant raises three issues, all of which do not constitute reversible error:

1) That the trial court erred in refusing to allow into evidence a display of photographs (of appellant and other males) which was presented to Commonwealth witness Juanita Dancey during a pre-trial photographic identification;

2) That the trial court erred in refusing to allow appellant to testify that approximately twenty-nine months prior to his confession, he (appellant) was allegedly beaten by police while in custody; and

3) That the trial court erred in not declaring a mistrial when it was informed that appellant had an allegedly "highly prejudicial . . . encounter" with four jurors.

I would affirm the judgments of sentence.

EAGEN, C. J., and O'BRIEN, J., join in this opinion in support of affirmance.

## OPINION IN SUPPORT OF REVERSAL

MANDERINO, Justice.

The trial court's refusal to introduce the photographs used in the pretrial identification constitutes reversible error.

The opinion in support of affirmance summarily dismisses this error as harmless beyond a reasonable doubt because the police officer who conducted the photographic display communicated a "verbal picture" of the situation to the jury. (Slip opinion, p. 3). On direct examination of a key prosecution witness the assistant district attorney elicited testimony on the photographic display issue, and therefore the trial judge should have allowed defense counsel to introduce the photographs for the purpose of impeaching the prosecution's eyewitness. This refusal by the trial judge usurped the jury's function, which is to resolve issues of credibility.

ROBERTS and NIX, JJ., join in this opinion in support of reversal.